IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATRICIA N. HUMPHRIES                                                PLAINTIFF

VS.                               CIVIL ACTION NO. 5:06-cv-2(DCB)(JMR)

THE KROGER COMPANY and
VERNON HUNTER                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's motion to remand **(docket entry 26)**. Having carefully considered the motion and response, the applicable law and the record in this case, and being fully advised in the premises, the Court finds as follows:

This action was originally filed in the Circuit Court of Warren County, by Patricia N. Humphries ("Humphries") against The Kroger Company ("Kroger") and John Doe. The plaintiff alleges that while shopping at the Kroger grocery store in Vicksburg, Mississippi, she slipped and fell in a puddle of water, causing injury to her back which required surgery. The original Complaint alleges that defendant "John Doe," an employee of defendant Kroger, "had actual knowledge of the water on the floor" and failed to "clean and remove said water after having had ample opportunity to do so." Complaint, ¶ 6. Kroger subsequently removed the case to federal court on the basis of diversity jurisdiction. Humphries is an adult resident citizen of Warren County, Mississippi, and Kroger is an Ohio corporation with its principal place of business in Ohio. The citizenship of an unidentified "John Doe" defendant is

not considered for purposes of removal.  <u>Hughes Const. Co. v. Rheem Mfg. Co.</u>, 487 F.Supp. 345 (N.D. Miss. 1980).

Approximately six months after the case was removed, Humphries filed a motion to amend her complaint to substitute Vernon Hunter ("Hunter"), an adult resident citizen of Warren County, Mississippi for the "John Doe" defendant.  The allegations against Hunter in the Amended Complaint are identical to those against "John Doe" in the original Complaint.  Kroger objected on the grounds that Humphries sought to "improperly and/or fraudulently join Mr. Hunter for the sole purpose of defeating diversity jurisdiction."  Kroger's Memorandum in Response to Motion to Amend, pp. 2-3.  The motion to amend was granted by the magistrate judge in a text order as "timely within the amendment deadline denoted by the Case Management Order."  The plaintiff now moves to remand this action to the Circuit Court of Warren County, Mississippi.

Before considering the plaintiff's motion to remand, the Court must decide the issue of whether leave to amend the complaint was properly granted.  In <u>Williams v. Vincent International, Inc.</u>, 192 F.R.D. 544 (S.D. Miss. 2000), after removal from state court the plaintiffs filed with the magistrate judge a motion to amend their complaint to join various parties as defendants, one of whom was a non-diverse party for purposes of diversity jurisdiction. Defendant Vincent, the sole defendant at the time, filed no response, and the motion to amend was granted.  The plaintiffs

later filed a motion to remand in accordance with 28 U.S.C. § 1447(e), which mandates remand upon the joinder of a defendant whose joinder would destroy subject matter jurisdiction. The court found that the amended complaint did not state a viable claim against the defendant whose joinder would have destroyed subject matter jurisdiction, and that joinder of that defendant should not have been allowed. The court reached this conclusion despite the absence of any appeal from the magistrate judge's order. As the court observed:

> [I]t is apparent from the language and terms of his order of July 9, 1999 that the magistrate judge, in granting the plaintiffs' motion to amend, gave no consideration either to the effect that joinder of [the non-diverse defendant] could have on subject matter jurisdiction under § 1447(e), or to the futility of the proposed joinder; rather, he simply granted the motion "as confessed."

192 F.R.D. at 547. The motion to amend was denied as to the non-diverse defendant, and the plaintiffs' motion to remand was therefore denied.

In the case before this Court, the magistrate judge's text order simply reflects that a motion to amend was made and granted as "timely." Moreover, in this case, objection to the amendment was made by Kroger, yet the order granting leave to amend does not reflect the basis for the motion nor the objections made by the defendant. As the court in Williams noted:

> Indeed, pursuant to this court's Uniform Local rule 72.5, while motions to amend are heard by the magistrate judge, motions to remand are to be heard by the district judge,

>  rather than the magistrate judge, and thus typically, a
>  plaintiff who seeks by post-removal amendment to add a
>  party whose presence would destroy diversity jurisdiction
>  couples his motion to amend with a motion to remand and
>  files the motion before the district judge.

Id. at 547 n.3.

This was not done in Williams, and was not done in the present case. The Court concludes that the magistrate judge was not fully apprised of the import of the plaintiff's request to amend. Because the magistrate judge did not consider the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), there has never been a judicial determination, according to the proper standards, that the addition of Hunter ought to be allowed. In addition, this Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551 (5th Cir. 1981); see also Hensgens, 833 F.2d at 1182 (remanded to lower court for further consideration of proposed amendment where record indicated that the problem of the post-removal addition of a non-diverse defendant was not recognized by the court).

Accordingly, the Court now addresses the issue of whether the plaintiff may properly join Hunter, a non-diverse defendant. A plaintiff's request to join a non-diverse defendant after removal of an action is to be resolved in accordance with 28 U.S.C.A. § 1447(e), which provides:

4

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

This Court's exercise of discretion in this matter requires consideration of several factors.  In Hensgens, the Fifth Circuit discussed the importance of the choice of either a state or federal forum which is provided to diverse defendants by the removal statutes.  833 F.2d at 1182.  The court concluded that the importance of such a choice should not simply be disregarded by resorting to a rigid distinction that the "proposed added party is an indispensable or permissive party."  Id.  Instead, the court provided that joinder of a non-diverse party should not be allowed without considering the original defendant's forum selection.  The Court also instructed that when considering the addition of a new non-diverse defendant, the district court "should scrutinize that amendment more closely than an ordinary amendment."  Id.

The district court is to consider and balance those matters bearing upon the defendant's interests in maintaining a federal forum against the competing interests of avoiding parallel lawsuits.  The four factors enumerated in Hensgens are:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
>
> (2) whether the plaintiff has been dilatory in asking for the amendment;
>
> (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and

(4) any other factors bearing on the equities.

Id.

A review of the facts and procedural history of this case leads this Court to the conclusion that the purpose of the plaintiff's amendment is not to defeat diversity jurisdiction. Hunter was named in the original complaint, albeit as a "John Doe" defendant. He was substituted as a party defendant within a reasonable time from the plaintiff's discovery of his identity. The plaintiff's attorney states that immediately after the accident, the plaintiff allegedly overheard a Kroger employee tell another employee that he should have had the water cleaned up as he had previously been instructed to do. The attorney learned that the employee who had allegedly made the statement was Roman Embry, but Embry could not remember the name of the other employee. After removal to federal court, the attorney was provided a list of all employees present at the time of the accident by Kroger's counsel. The attorney then went over the list with Embry and was able to determine that the other employee was Vernon Hunter. Affidavit of Dean Andrews, Jr., p. 1; Plaintiff's Rebuttal Memorandum in Support of Motion to Amend, p. 2.

An employee who actively participates in the commission of a tort is personally liable to third persons injured thereby. Wilson v. South Central Mississippi Farmers, Inc., 494 So.2d 358, 361 (Miss. 1986); see also Wheeler v. Frito-Lay, Inc., 743 F.Supp. 483,

486 (S.D. Miss.)(construing Mississippi law)(the respondeat superior doctrine "does not operate to relieve the employee of liability"). Because the plaintiff could, if she makes the required factual showing, recover from defendant Hunter, Hunter's substitution is not a sham to defeat diversity jurisdiction. The Court also finds that the parties are not prejudiced by allowing the amendment. Thus, the Court finds that leave to amend was properly granted.

When, as in the instant case, the plaintiff substitutes an identifiable defendant against whom actual recovery is sought, and that defendant is of common citizenship with the plaintiff, the presence of the non-diverse party divests the federal court of jurisdiction, and the action must be remanded to state court. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939). Therefore, the Court finds that the plaintiff's motion to remand is well taken. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to remand **(docket entry 26)** is GRANTED.

A separate Order remanding this case to the Circuit Court of Warren County, Mississippi, shall be entered of even date herewith.

SO ORDERED, this the 15th day of February, 2007.

                                                S/DAVID BRAMLETTE
                                                UNITED STATES DISTRICT JUDGE